## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ROY L. BROWN, a/k/a ROY HICKS, | : CIVIL ACTION NO. |
| GDC ID # 789284, | : 1:16-CV-01057-WSD-JCF |
| Clayton Cnty. ID # 252977, | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| SHERIFF NEIL WARREN, | : PRISONER CIVIL ACTION |
| COL. GREER, MAJ. HAMMONS, | : 42 U.S.C. § 1983 |
| MAJ. WILLIAMS, | : |
| LT. TANKERSLEY, SGT. HOLT, | : |
| SHERIFF'S OFFICE STAFF | : |
| (Classification Committee), | : |
|     Defendants. | : |

### MAGISTRATE JUDGE'S NON-FINAL
### REPORT AND RECOMMENDATION

Plaintiff, confined at the Cobb County Adult Detention Center ("CCADC") in Marietta, Georgia, has received leave to proceed *in forma pauperis* in this 42 U.S.C. § 1983 action, which is now ready for initial screening.

### I.   The Legal Framework

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to

conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II.   Plaintiff's Allegations

Plaintiff sues Sheriff Neil Warren, Col. Greer, Majs. Hammons and Williams,

2

Lt. Tankersley, Sgt. Holt and the unnamed members of the Sheriff's Classification Committee, all officials of the CCADC. (Doc. 1 at 3, 7). Plaintiff — who, it appears, is a pretrial detainee (*see* Doc. 1 at 3, where Plaintiff refers to himself as an arrestee) — alleges the following facts in his complaint, which he signed and submitted on February 25, 2016 (*id.* at 5), although it was not docketed until March 31, 2016.

On September 10, 2015, Plaintiff was moved from the medical unit to various locations, and eventually he "was placed in 5 North 1 dorm which is a lockdown area for people with disciplinary sanctions and awaiting disciplinary hearings and sanctions for their acts committed, and P.C. which is Protective Custody." (*Id.* at 3-4). He was supposed to be housed in 5 North 2 dorm, which is not a lockdown area, because he has no disciplinary infractions or charges. (*Id.* at 4, 6). He brought this discrepancy to the attention of several officers, including Majs. Hammons and Williams, Lt. Tankersley and Sgt. Holt, but to no avail. (*Id.* at 4). Plaintiff seeks $25 million in compensation for "deliberate indifference, cruel and unusual punishment, pain and suffering, mental anguish and stress, punitive damages, declamation [sic] of character [and] . . . discrimination." (*Id.* at 4-5).

**III.   Discussion**

    **A.   Prolonged Lockdown Without A Disciplinary Sanction**

3

"The minimum requirements of due process for prisoners facing disciplinary action . . . are (1) advance written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence, when consistent with institutional safety and correctional goals." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999) (citing *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974), to the effect that "prisoners may not be deprived of statutory 'good-time credits' without due process"). The decision of a prison disciplinary board satisfies constitutional due process requirements if it is supported by at least "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

These requirements attach when a prisoner has been deprived of a constitutionally protected liberty interest, such as a change in the conditions of his confinement so severe that it essentially exceeds the sentence imposed by the court or a deprivation of some benefit resulting in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *see also Sandin*, 515 U.S. at 483-84 ("recogniz[ing] that States may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] [b]ut these interests will be generally limited to freedom from restraint which,

4

while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [such as a] transfer to [a] mental hospital [or the] involuntary administration of psychotropic drugs[], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (citations omitted)); *Averett v. Bonner*, 1:12-cv-04007-AKK-JEO, 2014 U.S. Dist. LEXIS 115196, at *1, 20-21 (N.D. Ala. July 9) (recommending summary denial of pretrial detainee's due process claim alleging he was placed in isolation in violation of his constitutional rights; and noting that in *Magluta v. Samples*, 375 F.3d 1269, 1282 (11th Cir. 2004), the Eleventh Circuit applied *Sandin*'s "atypical and significant hardship standard for state-created liberty interests to a pretrial detainee" (internal quotations omitted)), *adopted by* 2014 U.S. Dist. LEXIS 114714 (N.D. Ala. Aug. 19, 2014).

Plaintiff's alleged placement in lockdown for 23 hours per day for five months and counting may rise to the level of an atypical and significant hardship that mandates due-process protection. Because Plaintiff alleges that he received no process at all with respect to his placement, either before or after being placed in lockdown, he has at least stated a plausible claim for relief. *See Beene v. Hammer*, No. 3:02-CV-0158-L, 2003 U.S. Dist. LEXIS 12128, at *13 (N.D. Tex. July 15, 2003) ("[T]he alleged

5

six-month lock-down period experienced by [plaintiff] may rise to the level necessary for due process protection. The Court has insufficient facts to determine whether, as a matter of law, [the] six-month period constitutes an atypical, significant deprivation in which a state might create a liberty interest. Thus, the allegations suffice to survive summary dismissal at this screening stage."); *see also Cain v. Massac*, 3:07-CV-0032-JTC, 2007 U.S. Dist. LEXIS 99400, at *7-9 (N.D. Ga. Sept. 27, 2007) ("conclud[ing] that [plaintiff's] short-term placement of three months in administrative segregation [was] not so severe that it exceed[ed] the sentence imposed on him or constituted an atypical or significant hardship" (internal quotations omitted), and citing *Williams v. Fountain*, 77 F.3d 372, 374 n.3 (11th Cir. 1996), to the effect that "twelve months of solitary confinement" constitutes "a liberty deprivation" that entitles the plaintiff "to due process for his disciplinary hearing"; and *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998), to the effect that a "short-term confinement of two months in administrative segregation [does] not constitute a deprivation of a constitutionally-protected liberty interest").

> **B.     Plaintiff's Claims Against Sheriff Warren, Col. Greer And The Classification Committee Fail.**

Plaintiff has not alleged any wrongdoing, via action or failure to act, by Sheriff

6

Warren, Col. Greer or the Classification Committee. In fact, he acknowledges that the CCADC's Commanding Officer, Col. Prince, ordered that he be removed from 23-hour-per-day lockdown. (Doc. 1 at 4). These Defendants should be dismissed.

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against Majs. Hammons and Williams, Lt. Tankersley and Sgt. Holt be **ALLOWED TO PROCEED**, and that his claims against Sheriff Warren, Col. Greer and the Classification Committee be **DISMISSED**.

Should the District Judge allow any of Plaintiff's claims to proceed, the Clerk is **DIRECTED** to resubmit this matter to the Magistrate Judge for further proceedings.

**SO RECOMMENDED** this 6th day of June, 2016.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)