IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROY L. BROWN, a/k/a ROY
HICKS,

        Plaintiff,

  v.

SHERIFF NEIL WARREN, COL.
GREER, MAJOR HAMMONS,
MAJOR WILLIAMS,
LT. TANKERSLEY, SGT. HOLT,
SHERIFF'S OFFICE STAFF
(Classification Committee),

        Defendants.

1:16-cv-1057-WSD-JCF

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge J. Clay Fuller's Non-Final Report and Recommendation [6] ("R&R"), recommending that Plaintiff Roy L. Brown's ("Plaintiff") claims against Major Hammons, Major Williams, Lieutenant Tankersley, and Sergeant Holt be allowed to proceed, and that Plaintiff's remaining claims be dismissed. Also before the Court are Plaintiff's Objections [8] and Amended Objections [9] to the R&R.

**I.    BACKGROUND**

On February 25, 2016, Plaintiff, proceeding *pro se*, filed his Civil Rights

Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), naming as defendants Sheriff Neil Warren, Colonel Greer, Major Hammons, Major Williams, Lieutenant Tankersley, Sergeant Holt, and unnamed members of the Classification Committee at Cobb County Adult Detention Center ("Detention Center"), where Plaintiff is confined. All of the named defendants, other than Sheriff Neil Warren, work at the Detention Center.

Plaintiff alleges that, on September 10, 2015, he was released from the Detention Center's medical unit and "was placed in 5 North 1 dorm which is a lockdown area for people with disciplinary sanctions and awaiting disciplinary hearings and sanctions for their acts committed, and P.C. which is Protective Custody." ([1] at 3-4). Plaintiff alleges that he should not have been placed in lockdown because he does not have disciplinary infractions or charges. Plaintiff notified Colonel Price, the commanding officer of the Detention Center, who "issued 'orders'" that Plaintiff should not be "locked down with [his] privileges being restricted and taken." ([1] at 4). Plaintiff claims that Defendants Major Hammons, Major Williams, Lieutenant Tankersley, and Sergeant Holt failed to follow the commanding officer's instruction, and that, since September 10, 2015, he has been confined in lockdown for twenty-three (23) hours per day. ([1] at 4, 6). Plaintiff seeks $25 million in compensation for "1) deliberate

indifference, 2) cruel and unusual punishment, 3) pain and suffering, 4) mental anguish and stress, 5) punitive damages, 6) declamation [sic] of character [and] . . . 8) discrimination." ([1] at 4-5).

On June 6, 2016, the Magistrate Judge issued his R&R, recommending that Plaintiff's claims against Major Hammons, Major Williams, Lieutenant Tankersley, and Sergeant Holt be allowed to proceed, and that his remaining claims be dismissed. On June 16, 2016, Plaintiff filed his Objections to the R&R, asserting that his claims against Sheriff Neil Warren, Colonel Greer and the Classification Committee "should not be dismissed because they are all equally respons[i]ble for their actions as decision makers." ([8] at 2). On June 28, 2016, Plaintiff filed his Amended Objections, asserting the same objection in identical language.

## II.   LEGAL STANDARDS

### A.   Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(b).  A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact."  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.     Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    Plaintiff objects that his claims against Sheriff Neil Warren, Colonel Greer, and the Classification Committee "should not be dismissed because they are all equally respons[i]ble for their actions as decision makers."  ([8] at 2).  The Court conducts a *de novo* review of the Magistrate Judge's conclusion on this issue.

**III.   DISCUSSION**

    "The minimum requirements of due process for prisoners facing disciplinary action . . . are (1) advance written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence, when consistent with institutional safety and correctional goals."  Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).  These requirements apply where a prisoner is deprived of a constitutionally protected liberty interest, such as a deprivation resulting in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999).

The Magistrate Judge found that Plaintiff's alleged placement in lockdown for twenty-three (23) hours per day, for at least five (5) months, may constitute "an atypical and significant hardship" that requires due-proces protection. The Magistrate Judge concluded that Plaintiff states a claim for relief, sufficient to withstand frivolity review, because Plaintiff alleges that he did not receive any process with respect to his placement in lockdown. The Court finds no plain error in the Magistrate Judge's determinations. See Beene v. Hammer, No. 3:02-cv-158, 2003 WL 21673456, at *5 (N.D. Tex. July 15, 2003) ("[T]he alleged six-month lock-down period experienced by petitioner may rise to the level necessary for due process protection. . . . [T]he allegations suffice to survive summary dismissal at this screening stage."); see Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir. 1996) (noting that "a full year of solitary confinement" constitutes an "atypical and significant hardship," and thus a "liberty deprivation" that entitles plaintiff "to due process").

The Magistrate Judge recommends dismissing Plaintiff's claims against Sheriff Neil Warren, Colonel Greer, and unnamed members of the Classification Committee, because "Plaintiff has not alleged any wrongdoing" on their part. (R&R at 6-7). Plaintiff objects to this recommendation on the grounds that these

6

defendants "are all equally respons[i]ble for their actions as decision makers." ([8] at 2). Plaintiff's Complaint does not alleged specific facts tying these defendants to the actions about which Plaintiff complains. See Anderson v. Chapman, 604 F. App'x 810, 813 (11th Cir. 2015) ("[F]or any of the defendants to be held liable in damages, [plaintiff] would have to prove that the defendant personally participated in the denial [of due process]."); Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong."); see also Brannon v. Thomas Cty. Jail, 280 F. App'x 930, 933 (11th Cir. 2008). The Court thus agrees with the Magistrate Judge that Sheriff Neil Warren, Colonel Greer, and unnamed members of the Classification Committee should be dismissed from this action.[1]

---

[1] If Plaintiff seeks to bring this action against Sheriff Neil Warren, Colonel Greer, and the Classification Committee in their official capacities, his claims also fail. An official-capacity suit is, "in all respects other than name, to be treated as a suit against the entity [of which the defendant is an agent]." Kentucky v. Graham, 473 U.S. 159, 166 (1985). "To prevail under § 1983 against that entity, a plaintiff must show that the entity itself was the 'moving force' behind his constitutional deprivation, and the only way to do that is by identifying a 'policy or custom of the entity that played a part in the violation of federal law.'" Fischer v. Ellegood, 238 F. App'x 428, 431 (11th Cir. 2007) (quoting Kentucky, 473 U.S. at 166). Even construing Plaintiff's Complaint liberally, it fails to allege his injury was caused by an "officially promulgated" policy or an "unofficial custom . . . shown through the

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Non-Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [8] and Amended Objections [9] to Magistrate Judge J. Clay Fuller's Non-Final Report and Recommendation [6] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Major Hammons, Major Williams, Lieutenant Tankersley, and Sergeant Holt are **ALLOWED TO PROCEED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Sheriff Neil Warren, Colonel Greer, and Sheriff's Office Staff (Classification Committee) are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, at all times during the pendency of this action, keep the Court advised of his current address.  Failure to do so may result in dismissal of this action.

**IT IS FURTHER ORDERED** that this action is returned to the Magistrate

---

repeated acts of a final policymaker." Molette v. Georgia, 469 F. App'x 766, 768 (11th Cir. 2012).

Judge for further proceedings, including the issuance of an Order regarding service of process.

    **SO ORDERED** this 4th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE