IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROY L. BROWN, a/k/a ROY HICKS,

    Plaintiff,

v.

SHERIFF NEIL WARREN, COL. GREER, MAJOR HAMMONS, MAJOR WILLIAMS, LT. TANKERSLEY, SGT. HOLT, SHERIFF'S OFFICE STAFF (Classification Committee),

    Defendants.

1:16-cv-1057-WSD-JCF

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Roy L. Brown's ("Plaintiff") Motion to Reconsider [16].

## I.    BACKGROUND

On February 25, 2016, Plaintiff, proceeding *pro se*, filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), naming as defendants Sheriff Neil Warren, Colonel Greer, Major Hammons, Major Williams, Lieutenant Tankersley, Sergeant Holt, and unnamed members of the Classification Committee at Cobb County Adult Detention Center ("Detention Center"), where Plaintiff is

confined.  All of the named defendants, other than Sheriff Neil Warren, work at the Detention Center.

Plaintiff alleges that, on September 10, 2015, he was released from the Detention Center's medical unit and "was placed in 5 North 1 dorm which is a lockdown area for people with disciplinary sanctions and awaiting disciplinary hearings and sanctions for their acts committed, and P.C. which is Protective Custody."  ([1] at 3-4).  Plaintiff alleges that he should not have been placed in lockdown because he does not have disciplinary infractions or charges.  After Plaintiff sent a written complaint to Colonel Prince, the commanding officer of the Detention Center, Colonel Prince "issued 'orders'" that Plaintiff should not be "locked down with [his] privileges being restricted and taken."  ([1] at 4).  Plaintiff claims that Defendants Major Hammons, Major Williams, Lieutenant Tankersley, and Sergeant Holt failed to follow the commanding officer's instruction, and that, since September 10, 2015, he has been confined in lockdown for twenty-three (23) hours per day.  ([1] at 4, 6).  Plaintiff seeks $25 million in compensation for "1) deliberate indifference, 2) cruel and unusual punishment, 3) pain and suffering, 4) mental anguish and stress, 5) punitive damages, 6) declamation [sic] of character [and] . . . 8) discrimination."  ([1] at 4-5).

On June 6, 2016, Magistrate Judge J. Clay Fuller screened Plaintiff's

Complaint and issued his Non-Final Report and Recommendation [6] ("R&R").[1] The R&R recommended that Plaintiff's claims against Major Hammons, Major Williams, Lieutenant Tankersley, and Sergeant Holt be allowed to proceed, and that Plaintiff's remaining claims be dismissed.  On June 16, 2016, Plaintiff filed his Objections [8] to the R&R, asserting that his claims against Sheriff Neil Warren, Colonel Greer and the Classification Committee (together, "Dismissed Defendants") "should not be dismissed because they are all equally respons[i]ble for their actions as decision makers."  ([8] at 2).  On June 28, 2016, Plaintiff filed his Amended Objections [9], asserting the same objection in identical language.  On October 4, 2016, the Court adopted the R&R and overruled Plaintiffs' objections.  ([10] ("October 2016 Order")).

On November 3, 2016, Plaintiff executed his Motion to Reconsider, seeking reconsideration of "the decision made by the Honorable U.S. Magistrate Judge Mr. J. Clay Fuller . . . concerning the dismissal of Sheriff Neil Warren, Col. Greer,

---

[1] A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact."  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

and the Sheriff's Office Staff (Classification Committee)." ([16] at 1).[2] Plaintiff claims that, although the Dismissed Defendants "did not commit the [alleged] due process violations, they became responsible for them when they failed to correct them in the course of their supervisory responsibilities, and rejecting plaintiff's grievance on appeal." ([16] at 4). Plaintiff claims "it cannot be argued that [the Dismissed Defendants] did not learn of the due process violation in this case," including because Plaintiff "identified the due process violations in his grievance and letters." ([16] at 5).

## II. DISCUSSION

Motions for reconsideration "should be reserved for extraordinary circumstances" and are not to "be filed as a matter of routine practice." LR 7.2(E), NDGa; Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). If a motion for reconsideration is "absolutely necessary," it must be "filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." LR 7.2(E), NDGa. Plaintiff's Motion to Reconsider was executed on November 3, 2016, five months after entry of the R&R he purports to challenge, and thirty-one (31) days after entry of the Court's October 2016 Order adopting the

---

[2] Plaintiff's Motion to Reconsider was received by the Clerk of Court on December 15, 2016, and entered on December 19, 2016.

4

R&R.  Plaintiff does not explain this delay.  The Motion to Reconsider is denied because it was not timely filed.

Plaintiff's Motion to Reconsider also fails because it purports to challenge the Magistrate Judge's R&R, which is not subject to reconsideration.  Even if Plaintiff sought reconsideration of the Court's October 2016 Order, he fails to assert facts or arguments justifying relief.  Under Rule 60(b) of the Federal Rules of Civil Procedure, the Court may grant a motion for reconsideration under the following circumstances:  (1) "mistake, inadvertence, surprise, or excusable neglect," (2) newly discovered relevant evidence, (3) misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged, (6) the judgment is based on an earlier judgment that has been reversed or vacated, (7) applying the judgment prospectively is no longer equitable, or (8) "any other reason that justifies relief," such as "an intervening development or change in controlling law" or a "need to correct a clear error."
Fed. R. Civ. P. 60(b); <u>Jersawitz v. People TV</u>, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

Plaintiff's Motion to Reconsider does not establish circumstances satisfying any of these requirements.  Plaintiff's Complaint does not alleged specific facts tying the Dismissed Defendants to the actions about which Plaintiff complains.

Indeed, the factual narrative in the Complaint does not refer to the Dismissed Defendants at all.  Cf. Anderson v. Chapman, 604 F. App'x 810, 813 (11th Cir. 2015) ("[F]or any of the defendants to be held liable in damages, [plaintiff] would have to prove that the defendant personally participated in the denial [of due process]."); Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong."); see also Brannon v. Thomas Cty. Jail, 280 F. App'x 930, 933 (11th Cir. 2008).

To the extent Plaintiff claims that the Dismissed Defendants knew about the alleged due process violations, and took no action to address them and he failed to clearly include these allegations in his Complaint or raise this argument in his objections to the R&R.  Cf. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) ("[A] reconsideration motion may not be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." (citation and internal quotation marks

omitted)).[3]  Plaintiff has failed to establish "extraordinary circumstances" justifying relief, and his Motion to Reconsider is denied.  Adler, 202 F.R.D. at 675.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider [16] is **DENIED**.

**SO ORDERED** this 23rd day of February, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Even Plaintiff's Motion to Reconsider does not include specific allegations showing the Dismissed Defendants knew about, but ignored, Plaintiff's alleged constitutional violations.  The Motion to Reconsider states "it cannot be argued that [the Dismissed Defendants] did not learn of the due process violation in this case," including because Plaintiff "identified the due process violations in his grievance and letters."  ([16] at 5).  Plaintiff does not assert that "his grievance and letters" were sent to, or read by, any of the Dismissed Defendants.